CONTINENTAL LIFE INSURANCE COMPANY *vs.* JOHN W. SMITH.

Pending a suit the defendant died, and his estate was represented insolvent: —
*Held*, that the plaintiff must discontinue if he wishes to prove his claim before the commissioners on the insolvent estate.
*Query.* Whether he is obliged to discontinue, or whether he may have the suit continued and be allowed to prosecute it in case a surplus should remain after payment of all claims allowed in, or added to, the commissioners' report?

DEBT. On motion to dismiss.

The defendant died after this action, which was debt, had been commenced. His legal representative appeared, set forth that the estate had been represented insolvent, and that commissioners had been appointed under Gen. Stat. R. I. cap. 175, objected to the further prosecution of the action, and moved that it be dismissed, referring to various sections of chapter 175 in support of his motion.

*February* 17, 1877. DURFEE, C. J. The opinion of the court is, that if the plaintiffs wish to participate in the estate in process of settlement in the Probate Court, in common with the other creditors, they must discontinue their action in this court

and proceed before the commissioners as other creditors proceed. They cannot, if the defendant objects, proceed at once in both tribunals ; nor can they, if he objects, proceed to judgment in this court, and have the amount of it allowed in, or added to, the commissioners' report. This we think is apparent 'from an examination of the different sections of the statute. Gen. Stat. R. I. cap. 175, §§ 11, 12, 16, and 18. See also the *dictum* of Ames, C. J., in *Irons's Administratrix* v. *Irons*, 5 R. I. 264. But we do not think it is quite clear that the plaintiffs are *obliged* to discontinue their action or have it dismissed. They may, perhaps, have the right to have it continued to await the result of the proceeding in the Probate Court, and then, if there is a surplus remaining after the payment of the claims allowed in, or added to the commissioners' report, to prosecute their action for payment out of that surplus, under cap. 175, § 19. If the plaintiffs do not elect to discontinue, we will hear the parties further upon that point.

*Charles Hart*, for plaintiff.

*Browne & Van Slyck*, for defendant.

The case was subsequently discontinued without costs.